UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Tina Tenpenny,<br><br>    Plaintiff,<br><br>vs.<br><br>Amazon Prime Now,<br><br>    Defendant. | Case No.<br><br><br><br>DEMAND FOR JURY TRIAL |

COMPLAINT

SUMMARY OF CLAIM

    Ms. Tenpenny files this claim for retaliation, when she was terminated for the manner in which she reported the sexual harassment.

VENUE AND JURISDICTION

1. This action alleges discrimination in violation Federal Law and specifically of the Title VII retaliation for reporting sexual harassment i.e. 42 U.S.C. §2000e *et al.*

2. This Court has original jurisdiction over the Federal Question claims and supplemental jurisdiction pursuant to 29 U.S.C. §1367.

3. Pursuant to 28 U.S.C. § 1391 venue is appropriate in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. The events

giving rise to claim in this matter are the employment, discrimination, and the denial of accommodation in Smyrna, Tennessee.

4. Defendant's principle place of business was Davidson County, Tennessee.

5. The employer has more than 15 employees.

6. A right to sue letter has been issued by the U.S. Equal Employment Opportunity Commission and is attached hereto as Exhibit A.

GENERAL ALLEGATIONS

7. Ms. Tenpenny was hired by Amazon Prime Now in October 2011 and at all times pertinent to this case was employed by Amazon Prime Now.

8. On or about January 2018, Ms. Tenpenny reported sexual harassment to manager Sean McHugh.

9. Mr. McHugh responded by asking if she was having a "lovers quarrel".

10. Throughout January and February, J. Ryan began stalking Ms. Tenpenny by sending her inappropriate texts.

11. On or about February 26 at 9:30 at night, Ryan came to the warehouse because he knew Ms. Tenpenny was alone. He continued to ring the bell and calling the work phone until about 10:15. Ms. Tenpenny was about to call the police, when she saw him drive away.

12. She ran and got in her car at 1:00.

13. Ms. Tenpenny called Wade Larson, the area manager to report the stalking and texts.

14. Mr. Larsson looked at the texts and claimed the harassment would have to be reported.

15. Once the report was made on or about March 20, 2018, Ms. Tenpenny suffered retaliation from her coworkers, and Sean McHugh.

16. Mr. McHugh had a dream that, "they got rid of you and everyone was celebrating and were glad that you were gone".

17. Ms. Tenpenny reported the harassment and retaliation to *Clarissa* in H.R.

18. Ms. Tenpenny reported the retaliation to human resources, who began an investigation.

19. During the investigation, Ms. Tenpenny reported a trip she had taken with the parents of J.Ryan; and that Mr. Ryan had attended that trip.

20. Clarissa asked Ms. Tenpenny to write a statement. While trying to write the statement, Ms. Tenpenny cried, and panicking that she was going to lose her job. She wrote from 2:00 to 4:50.

21. Two weeks later, she was terminated because her written statement did not reflect the trip, that she had verbally disclosed.

22. Prior to the termination, Amazon at no time, asked her to supplement the written statement with the verbal statement she had already provided.

## COUNT ONE

## TITLE VII RETALIATION- reporting sexual harassment

23. The facts cited are incorporated herein by reference.

24. Ms. Tenpenny engaged in activity protected by Title VII, when she reported sexual harassment in the form of inappropriate texts to her supervisors.

25. Ms. Tenpenny engaged in activity protect by Title VII, when she contacted Human Resources, reporting retaliation by her co-workers and Mr. McHugh solely based upon her report of sexual harassment.

26. Her reports of sexual harassment and retaliation were known being made directly to human resources, supervisor Clarissa, and supervisor Larson.

27. During the sexual harassment meeting, Ms. Tenpenny was verbally forthright, and truthful. She disclosed a trip to Florida with the harasser's parents, wherein the harasser attended.

28. Amazon then placed Ms. Tenpenny in a room by herself and instructed her to write a statement.

29. Amazon then terminated Ms. Tenpenny based upon the content of the statement, which was an adverse action.

30. The termination was directly related and caused by *the manner* in which Ms. Tenpenny reported the harassment (verbal not written).

31. Said termination is directly caused and a result of retaliation for filing a sexual harassment claim, when Amazon should have allowed her to correct the statement within the meaning and spirit of the Title VII protection.

32. Said termination is directly caused and a result of retaliation, when said statement was clearly and candidly reported verbally.

33. Terminating an employee for failure to write something that was verbally reported will serve to deter reasonable victims from reporting sexual harassment.

34. Terminating an employee for the manner in which they write a statement, will serve to deter a reasonable victim in violation of Title VII.

35. Ms. Tenpenny suffered damages as a result of the termination to include lost wages, benefits, humiliation, embarrassment, lost future wages, and asks for punitive damages.

WHEREFORE, Ms. Tenpenny prays for judgment against the defendant as follows:

1. For a trial by jury;
2. For a judicial declaration that the defendant is liable under Title VII for all past, present and future humiliation, worry, lost wages, lost promotions, lost employment benefits and other costs incurred by Ms. Tenpenny, without limitation, reasonable attorneys' fees.
3. Punitive damages as allowed.
4. Compensatory damages as allowed.
5. For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED:	s/ Constance Mann

_____

Constance Mann
The Law Offices of Constance Mann
TN BPR # 014616
CA BPR # 16564

1107 Battlewood Street

Franklin, TN 37069
(615) 724-1800
cmannlaw@msn.com
Attorney for Plaintiff, Tina Tenpenny

Bond Statement

COST BOND

I, Constance Mann as Principal(s) and as Surety, am held and firmly bound unto the Federal District Court of the Middle District of Tennessee, for the payment of all costs awarded against the principal. To that end, we bind ourselves, our heirs, executors and administrators. The Principal(s) is/are commencing legal proceeding in the Federal District Court of the Middle District of Tennessee. If the Principal(s) shall pay all costs which are adjudged against them then this obligation is void. If the Principal(s) fail to pay then the surety shall undertake to pay all costs adjudged against the Principal(s).

s/ Constance Mann
_____

Constance Mann
The Law Offices of Constance Mann
TN BPR # 014616
CA BPR # 16564

1107 Battlewood Street
Franklin, TN 37069
(615) 724-1800
cmannlaw@msn.com
Attorney for Plaintiff, Tina Tenpenny